IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONALD RAY WILLIAMS #585282 | § | |
| v. | § | CIVIL ACTION NO. 6:13cv972 |
| ATTORNEY GENERAL OF TEXAS INSURANCE OFFICE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Donald Ray Williams, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Williams' complaint refers to an incident in which he was allegedly discovered to have a weapon, for which he was criminally prosecuted. He does not make clear when this happened; he refers to an investigation in 1996, and his TDCJ records show that he was charged with possessing a deadly weapon in a penal institution in 1998, for which he was convicted in 2000. He also cites to an incident in which he says he was "caught in a riot," suffering injuries, in 2004.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed because Williams is barred by the three-strikes provision of 28 U.S.C. §1915(g). The Magistrate Judge observed that Williams has filed numerous previous lawsuits which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted, and that Williams did not show that he is in imminent danger of serious bodily injury in the present case. The Magistrate Judge also observed that Williams has an outstanding sanction of $100.00 in case

1

no. 6:98mc30 for sending dried blood to the Court, and he was barred from any further court filings until this sanction was satisfied in full or he obtained written permission from a judge of the Court. The Magistrate Judge therefore recommended that Williams' lawsuit be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims, but without prejudice as to the refiling of the lawsuit upon payment of the full filing fee and satisfaction of the sanctions imposed against him.

Williams received a copy of the Magistrate Judge's Report but has filed no objections thereto. While he did file a jury demand, a motion to introduce evidence of other crimes, and a motion for discovery and to set a trial date after receiving the Report, none of these pleadings make any mention of, much less raise any objections to, the proposed findings and conclusions of the Magistrate Judge. Because Williams has filed no objections, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 3) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff Donald Ray Williams' application for leave to proceed *in forma pauperis* is hereby DENIED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and

upon payment of the statutory filing fee, as well as the satisfaction of all prior sanctions or receipt of written permission from a judge of this Court. It is further

ORDERED that should the Plaintiff pay the full filing fee and satisfy all outstanding sanctions within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Because Williams is ineligible to proceed *in forma pauperis*, the full filing fee is $400.00. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 14th day of April, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE